# United States District Court
## *DISTRICT OF ARIZONA*

FILED ☑   LODGED ___
RECEIVED ___   COPY ___

JUL 17 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**United States of America**

       **v.**

**Tyrone Lee**
**DOB:** ▮▮▮▮▮▮, **1973**
          Defendant(s)

**CRIMINAL COMPLAINT**

CASE NUMBER: 03-4140M

    I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:  **On or about July 14, 2003, in the District of Arizona, and within the confines of the Navajo Nation Indian Reservation, Indian Country, the defendant, Tyrone Lee (an Indian), did, with malice aforethought, murder Gary Tom (an Indian),**

    In violation of Title 18, United States Code, Sections 1153 and 1111.

    I further state that I am a Special Agent with the Federal Bureau of Investigation and that this complaint is based on the following facts:

### See Attached Statement of Probable Cause Incorporated By Reference Herein

Continued on the attached sheet and made a part hereof:   __X__ Yes   _____ No

AUTHORIZED BY: Assistant United States Attorney **Joseph J. Lodge**

**Nicholas J. Manns, FBI Special Agent**
Complainant's Name & Title

_Nicholas J. Manns_
Signature of Complainant

Sworn to before me and subscribed in my presence,

_July 17, 2003_
Date

at   Flagstaff, Arizona
City and State

**STEPHEN L. VERKAMP**
United States Magistrate Judge

_____
Signature of Judicial Officer

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

State of Arizona )
)
County of Apache )
)
_____ )

<u>AFFIDAVIT</u>

Your affiant, Nicholas J. Manns, being duly sworn, deposes and states the following:

1.      I am a Special Agent of the Federal Bureau of Investigation and have been employed in that capacity for approximately seven years.  I am currently assigned to the Phoenix Division, Gallup Resident Agency, and have primary investigative responsibilities for crimes which occur in Indian Country.  The information set fourth in this affidavit has been derived from my own investigation, and or communicated to me by other sworn law enforcement officers.

2.      On Monday, July 14, 2003, information was received indicating Gary Tom, date of birth ███████ 1970, an enrolled member of the Navajo Tribe, had been the victim of a stabbing which resulted in his death.  The homicide was perpetrated by Gary Tom's best friend, Tyrone Lee, date of birth, ███████ 1973.  Tyrone Lee is also a member of the Navajo Tribe.

3.      Said homicide occurred 7.5 miles northeast of the Sweetwater Chapter House, at the Doris Tsosie residence located in Sweetwater, Arizona.  The location is further defined as being within the exterior boundaries of the Navajo

1

Indian Reservation.

4.        Information obtained by your affiant revealed at approximately 4:15 p.m. on Monday July 14, 2003, Gary Tom was involved in a physical confrontation with Tyrone Lee.  During the altercation Tyrone Lee produced a large kitchen knife and stabbed Gary Tom repeatedly in the chest and abdomen causing Gary Tom's death.  Initial examination of Gary Tom's body, at the scene of the incident, revealed what appeared to be several deep puncture wounds to Gary Tom's left chest area, his left abdomen, the center of his chest, and his forehead.

5.        Brandi Bileen, date of birth, ██████ 1981, girlfriend of Gary Tom, witnessed the stabbing of Gary Tom and held him as he expired.  According to Brandi Bileen, she had spent the afternoon with Gary Tom and Tyrone Lee.  During the course of the afternoon, Brandi Bileen, Gary Tom and Tyrone Lee drank several 40 ounce beers.  Gary Tom and Brandi Bileen were together in Gary Tom's car and Tyrone Lee was driving his truck.  Tyrone Lee decided to return home and left Gary Tom and Brandi Bileen.  Gary Tom decided he wanted more beer and drove to Tyrone Lee's home.  Gary exited his vehicle and proceeded to the rear of Tyrone Lee's home. Brandi Bileen remained in Gary Tom's vehicle.  Brandi Bileen heard a scuffling noise coming from the rear of Tyrone Lee's residence.  Brandi proceeded to the rear of Tyrone Lee's residence and observed Gary Tom and Tyrone Lee fighting. Brandi Bileen tried to make the fight stop by yelling at the two combatants.  During the fight Brandi Bileen watched as Tyrone Lee produced a knife and began stabbing Gary Tom.

1   Gary Tom stumbled towards Brandi Bileen and fell to the

2   ground.  As Brandi Bileen was trying to help Gary Tom, Tyrone

3   Lee yelled "Let him die motherfucker!" at Brandi Bileen.

4   Tyrone Lee then gathered his two sons and left the area in

5   his pickup truck.

6   6.        Tyrone Lee was interviewed by Navajo Criminal

7   Investigator Earnest Sanisya and FBI Special Agents Manns and

8   Chambers.  Tyrone Lee advised he and Gary Tom, and Brandi

9   Bileen had been drinking earlier in the day, July 14, 2003.

10  Tyrone Lee left Gary Tom and Brandi Bileen and returned to

11  his home to prepare dinner and rest.  A short while after his

12  return home, Gary Tom arrived.  Gary Tom asked if Tyrone Lee

13  had more beer.  Tyrone Lee advised he no longer had any beer

14  which angered Gary Tom.  A verbal argument ensued with Gary

15  Tom accusing Tyrone Lee of lying.  The verbal argument turned

16  into a physical confrontation with Gary Tom hitting Tyrone

17  Lee in his jaw.  Tyrone Lee ran from Gary Tom into his

18  kitchen and grabbed a knife from the kitchen table and placed

19  it into his back pocket.  Tyrone Lee confronted Gary Tom on

20  the outside of his home and demanded he leave.  Tyrone Lee

21  intended to use the knife to threaten Gary Tom.  Gary Tom

22  would not leave and rushed at Tyrone Lee.  A physical

23  altercation again ensued with Gary Tom grabbing Tyrone Lee's

24  hair.  Gary Tom would not release Tyrone Lee's hair which

25  caused Tyrone Lee to remove the knife from his rear pants

26  pocket and begin stabbing Gary Tom.  Tyrone Lee knew he had

27  hurt Gary Tom as Gary Tom was covered with blood then

28  stumbled and fell to the ground.  Tyrone Lee then left the

3

1   area with his children.

2   7.          Based on the information set forth in this

3   affidavit, your affiant submits there is probable cause to

4   believe on July 14, 2003, Tyrone Lee, and adult Navajo male,

5   in the District of Arizona, in Indian Country, did, with

6   malice aforethought, murder Gary Tom, and adult Navajo male,

7   in violation of Title 18, United States Code, section 1153

8   and Title 18 United States Code 1111.

9

10          I swear this information is true to the best of my

11  knowledge and belief.

12

13  _Nicholas J. Manns_
14  Nicholas J. Manns
    Special Agent
    Federal Bureau of Investigation
15  Gallup, New Mexico

16  Subscribed and sworn to before me this 17th day of July,
    2003.
17

18

19  _Stephen M. Verkamp_
20  Stephen M. Verkamp
    U.S. Magistrate

21

22

23

24

25

26

27

28

4

**JOHN TREBON**
**JOHN TREBON, P.C.**
308 N. Agassiz
Flagstaff, Arizona   86001
(928) 779-1713

Attorney for Tyrone Lee
AZ. State Bar No. 005375

```
┌─────────────────────────────────┐
│ ✓ FILED        ___ LODGED       │
│ ___ RECEIVED   ___ COPY         │
│                                 │
│        AUG 1 4 2003             │
│                                 │
│  CLERK U S DISTRICT COURT       │
│     DISTRICT OF ARIZONA         │
│ BY                     DEPUTY   │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

UNITED STATES OF AMERICA,      )
                               )       Case No.  03-4140M
                 Plaintiff,    )
                               )       **ENTRY OF APPEARANCE**
vs.                            )
                               )
TYRONE LEE                     )
                               )
                 Defendant.    )
_____)

Undersigned hereby enters his appearance on behalf of the above-named defendant, Tyrone Lee, for all further proceedings herein.

Respectfully submitted this ___13___ day of August, 2003.

By: _____
    JOHN TREBON
    Attorney for Tyrone Lee



1   The original of the following
    was delivered this _14_
2   day of August 2003, to:

3   United States District Court
    123 N. San Francisco Street
4   Flagstaff, AZ 86001

5   And a copy mailed to:

6   United States Attorney's Office
    123 N. San Francisco Street
7   Flagstaff, AZ 86001

8   Tyrone Lee

9   By: _____
         J. Stoner

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA - Flagstaff**

**MAGISTRATE JUDGE'S MINUTES**

DATE: 8/14/03          CASE NUMBER:  03-04140M-001

USA vs.  Tyrone Lee

U.S. MAGISTRATE JUDGE: STEPHEN L. VERKAMP  #: 70BC

```
┌────────────────────────────────┐
│ ✓ FILED      ___ LODGED        │
│ ___ RECEIVED  ___ COPY         │
│                                │
│      AUG 1 4 2003              │
│                                │
│  CLERK U S DISTRICT COURT      │
│  BY DISTRICT OF ARIZONA        │
│              _____ DEPUTY   │
└────────────────────────────────┘
```

A.U.S. Attorney  Mark Aspey          INTERPRETER _____
                                     LANGUAGE _____
Attorney for Defendant  John Trebon (Retained)
MATERIAL WITNESS(es): _____
MATERIAL WITNESS(es) state true name(s) to be: _____
Attorney for Material Witness _

DEFENDANT: ☒ PRESENT  ☐ NOT PRESENT  ☒ CUSTODY

DOA  8-13-03          ☒ Initial Appearance      ☐ Appointment of counsel hearing held
☐ Financial Afdvt taken    ☒ No Financial Afdvt taken    ☐ Financial Afdvt sealed
☐ Rule 40  ☐ Rule 20    ☐ Defendant states true name to be ___. Further proceedings ORDERED
                           in Defendant's true name.

---

**DETENTION HEARING:**
☐ Held  ☐ Con't  ☐ Submitted  ☐ Reset
Set for:  8-19-03 at 2:00 PM
Before:    MAGISTRATE JUDGE VERKAMP
☒  Defendant ordered temporarily detained in the
   custody of the United States Marshal
☐  Defendant ordered released _____
☐  Defendant continued detained pending trial
   ☐ Flight risk  ☐ Danger

**REMOVAL HEARING/ID:**
☐ Held  ☐ Con't  ☐ Submitted  ☐ Reset
☐ Waived
Set for:
Before:

☐   Warrant of removal issued.
☐   Defendant ordered released _____

---

**PRELIMINARY HEARING:**
☐ Held  ☐ Con't  ☐ Submitted  ☐ Reset
☐ Waived
Set for:  8-19-03 at 2:00 PM
Before:  MAGISTRATE JUDGE VERKAMP
☐   Probable cause found      ☐ Dismissed
☐   Held to answer before District Court

**STATUS HEARING:** re: _____
☐ Held  ☐ Con't  ☐ Reset

Set for:
Before:

---

Other: Defendant waives formal reading of the complaint. _____

The Court specifically finds that the ends of justice served by granting this continuance outweigh the best
interests of the public and the defendant in a speedy trial.  IT IS FURTHER ORDERED that excludable delay
under Title 18 USC Section 3161 __ will commence on __ thru __ for a total of __days.

RECORDED: Cass. CS 50000 _____
BY:  Christina S. Hurley
Deputy Clerk

③

AUSA/PTS/CNSL/JUDGE  ext

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA | ___ FILED ___ LODGED |
| V. | ___ RECEIVED ___ COPY |
| | AUG 1 4 2003 |
| | CLERK U S DISTRICT COURT |
| | DISTRICT OF ARIZONA |
| | BY _____ DEPUTY |

UNITED STATES OF AMERICA

V.

**ORDER OF TEMPORARY DETENTION
PENDING HEARING PURSUANT TO
BAIL REFORM ACT**

__TYRONE LEE__
Defendant

CASE NUMBER: 03-4140M

Upon motion of the ____Government____ , it is ORDERED that a detention hearing and

preliminary hearing is set for ____Monday, August 18, 2003____ at ____8:00 ~~10:00~~ a.m.
                                                    Date                              Time

before __the Honorable Stephen L. Verkamp, United States Magistrate Judge__
                                   Name of Judicial Officer

__United States District Court, 123 North San Francisco Street, Flagstaff, Arizona__
                                   Location of Judicial Officer

Pending this hearing, the defendant shall be held in custody by (the United States marshal) (____

_____) and produced for the hearing.
                Other Custodial Official

____August 14, 2003____
              Date

_____
Judicial Officer
STEPHEN L. VERKAMP
U.S. Magistrate Judge

---

*If not held immediately upon defendant's first appearance, the hearing may be continued for up to three days upon motion of the
Government, or up to five

days upon motion of the defendant .  18 U.S.C.§3142(f) (2).

   A hearing is required whenever the conditions set forth in 18 U.S.C.§3142(f) are present.  Subsection (1) sets forth the grounds
that may be asserted only by the attorney for the Government; subsection (2) states that a hearing is mandated upon the motion of
the attorney for the Government or upon the judicial officer's own motion if there is a serious risk that the defendant (a) will flee
or (b) will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a
prospective witness or juror.

USM/JUDGE/CCJ/CNSL



UNITED STATES DISTRICT COURT                           **MAGISTRATE JUDGE'S MINUTES**
DISTRICT OF ARIZONA - **Flagstaff**

DATE: 8/19/03          CASE NUMBER:   03-04140M-001

```
┌──────────────────────────────────┐
│ ✓ FILED          ___ LODGED      │
│ ___ RECEIVED     ___ COPY        │
│                                  │
│         AUG 2 0 2003             │
│                                  │
│    CLERK U S DISTRICT COURT      │
│ BY___ DISTRICT OF ARIZONA        │
│                         DEPUTY   │
└──────────────────────────────────┘
```

USA vs.  Tyrone Lee

U.S. MAGISTRATE JUDGE: STEPHEN L. VERKAMP  #: 70BC

A.U.S. Attorney  Joe Lodge _____   INTERPRETER _____
                                         LANGUAGE _____
Attorney for Defendant  John Trebon (Retained)
MATERIAL WITNESS(es): _____
MATERIAL WITNESS(es) state true name(s) to be: _____
Attorney for Material Witness _

DEFENDANT: ☒ PRESENT  ☐ NOT PRESENT  ☒ CUSTODY

DOA___                       ☐  Initial Appearance        ☐  Appointment of counsel hearing held
☐ Financial Afdvt taken      ☐  No Financial Afdvt taken  ☐  Financial Afdvt sealed
☐ Rule 40 ☐ Rule 20          ☐  Defendant states true name to be ___. Further proceedings  ORDERED
                                in Defendant's true name.

| **DETENTION HEARING:** | **REMOVAL HEARING/ID:** |
|---|---|
| ☒ Held ☐ Con't ☐ Submitted ☐ Reset | ☐ Held ☐ Con't ☐ Submitted ☐ Reset |
| Set for: | ☐ Waived |
| Before: | Set for: |
| ☐  Defendant ordered temporarily detained in the custody of the United States Marshal | Before: |
| ☒  Defendant ordered released  3rd Party | ☐  Warrant of removal issued. |
| ☐  Defendant continued detained pending trial | ☐  Defendant ordered released _____ |
|    ☐ Flight risk ☐ Danger | |
| **PRELIMINARY HEARING:** | **STATUS HEARING:** re: _____ |
| ☒ Held ☐ Con't ☐ Submitted ☐ Reset | ☐ Held ☐ Con't ☐ Reset |
| ☐ Waived | |
| Set for: | Set for: |
| Before: | Before: |
| ☐  Probable cause found    ☒ Dismissed | |
| ☐  Held to answer before District Court | |

Other: The Court does not find probable cause for 1st or 2nd degree murder.  Court dismisses complaint.

The Court specifically finds that the ends of justice served by granting this continuance outweigh the best
interests of the public and the defendant in a speedy trial. IT IS FURTHER ORDERED that excludable delay
under Title 18 USC Section 3161 __ will commence on __ thru __ for a total of __ days.

RECORDED: Cass. CS 50000
BY:  Christina S. Hurley
Deputy Clerk

AUSA/PTS/USM/JUDGE/CNSL ____

___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

AUG 1 9 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**JOHN TREBON**
**JOHN TREBON, P.C.**
308 N. Agassiz
Flagstaff, Arizona   86001
(928) 779-1713

Attorney for Tyrone Lee
AZ. State Bar No. 005375

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>             Plaintiff,        )<br>vs.                                                     )<br>TYRONE LEE                                 )<br>           Defendant.       )<br>_____) | Case No.  03-4140M<br><br>**PRELIMINARY HEARING**<br>**MEMORANDUM** |

Tyrone Lee, by and through his attorney, John Trebon, submits the following memorandum for the Court's consideration during the preliminary hearing in this case.

## MEMORANDUM

During the preliminary hearing, the government must establish "probable cause" for each element of the offense charged. If not, this Court has a duty to dismiss the charges against Mr. Lee. *See*, Rule 5.1(e), Fed. R. Crim. P.

## I.   MURDER OR MANSLAUGHTER

Mr. Lee is surprisingly charged with premeditated, first-degree murder. Both first and second-degree murder require the unlawful killing of a human being with **malice aforethought**. The federal murder statute defines first-degree murder as follows:

> Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnaping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern of or practice of assault or torture against a child or children; or perpetrated from a premediated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.
>
> Any other murder is murder in the second degree.

Title 18, U.S.C. § 1111(a). We submit that it is rather obvious that first-degree murder does not apply to this case. Moreover, second-degree murder does not apply. Even if the government's theory of the case proves successful during the preliminary hearing, the most that Mr. Lee could objectively be charged with is voluntary manslaughter. *See*, Title 18, U.S.C. § 1112. Manslaughter is the unlawful killing of a human being without malice. Voluntary manslaughter occurs upon a sudden quarrel or heat of passion. Involuntary manslaughter occurs when someone kills another in a reckless manner. If this Court does not find that Mr. Lee acted lawfully in self-defense during the preliminary hearing, it must then choose between voluntary and involuntary manslaughter – if the government provides probable cause.

## II.   SELF-DEFENSE

No person can be charged with murder or manslaughter if they lawfully acted to defend themselves. Self-defense necessarily negates the elements of both murder and manslaughter.

Three predicate facts must be established to constitute self-defense. First, the defendant must not be the aggressor. The evidence in this case will clearly show that Mr. Lee was not the aggressor. The victim, Gary Tom, attacked the defendant, Tyrone Lee at Mr. Lee's residence after Gary Tom refused to leave the residence upon request. Gary Tom affirmatively and aggressively started a physical confrontation with Mr. Lee.

The second element to self-defense focuses upon whether or not the defendant reasonably believed that he was in immediate danger of bodily harm. There is no doubt that Mr. Lee reasonably believed that he was in immediate danger of bodily harm, both objectively and subjectively. He was attacked by Gary Tom, who is a physically intimidating and abusive man.

Third, the defendant must use only the force that he reasonably believed necessary to avoid the danger. The government bears the burden of proof to show that any force was excessive. To be sure, the defendant's belief may seem unreasonable in hindsight, but may have been reasonable in the "heat of passion". *See, Brown v. United States*, 256 U.S. 335, 343 (1921); *Inge v. United States*, 356 F.2d 345, 348 (D.C. Cir. 1966).

Force likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm. Ninth Circuit Model Criminal Jury Instructions 6.7; *United States v. Keiser*, 57 F.3d 847, 851 (9th Cir.), *cert denied*, 516 U.S. 1029 (1995). "A homicide is justified when committed by a person when he honestly, and in good faith, believes that he or another person is in imminent danger of harm or serious bodily injury from

3

his assailant, and thus it is necessary to use such force to prevent the danger, including force which might cause the death of his adversary, and his belief is based upon a reasonable ground." Modern Federal Jury Instructions - Criminal (self-defense and deadly force) § 8.08 (Matthew Bender 2003).

> The law of self-defense is founded upon the principle of necessity, real or apparent. In other words, it is not required that the defendant be in actual danger of great bodily injury. If he honestly and reasonably believes that he is in apparent imminent danger, that his life or the life of another is about to be taken or that there is a danger of serious bodily harm, that is sufficient. . . . There must be reasonable grounds for such belief, based upon the conduct of the victim and all of the facts and circumstances surrounding and preceding the encounter and the relationship between the person killed and the defendant.

> The question is: Would a reasonable person faced with the same facts and circumstances which confronted the defendant at the time of the occurrence, have believed that he was in imminent danger of death or grievous bodily injury, such that it was necessary for him to use in his defense in order to avoid such death or injury, the force or means which might cause the death of his assailant?

> * * *

> The cornerstone of the defense is the second predicate that the defendant reasonably believed that he was in immediate danger of unlawful bodily harm, regardless of whether he was, in fact, in danger of harm. . . .

> If the defendant had reasonable grounds to believe and actually did believe that he was in immediate danger of death or serious bodily harm and that deadly force was necessary to repel such danger, he would be justified in using deadly force in self-defense, even though it may afterwards have turned out that the appearances were false. If these requirements are met, he could use deadly force even though there was neither purpose on the part of the other person to kill him or do him serious bodily harm, nor imminent danger that it would be done, nor actual necessity that deadly force be used in self-defense.

> * * *

> Courts have held that the "reasonableness" of force used must be determined on the basis of the facts of each case; therefore, what may be excessive in a moment of calm becomes "reasonable" in the heat of passion: The claim of self-defense is not necessarily defeated if, for example, more knife blows than would have seemed necessary in cold blood are struck in the heat of passion generated by the unsought altercation. A belief which may be unreasonable in cold blood may be actually and reasonably entertained in the heat of passion.

Modern Federal Jury Instructions - Criminal § 8.08 (Matthew Bender 2003). It is

4

interesting to note that Mr. Lee was assaulted at his own residence.  Moreover, Mr. Lee was the sole caretaker of his two, small children at the time that he was attacked. Gary Tom refused to leave the residence even though Mr. Lee repeatedly demanded that he leave.  Instead, Gary Tom attacked Mr. Lee because he erroneously believed that Mr. Lee had alcohol at his residence that he could provide to Mr. Tom.  Gary Tom was abusive, physically assaultive, and a trespasser.  He posed a danger not only to Mr. Lee, but to Mr. Lee's children.  Mr. Lee had no duty to retreat.

> [Beard] was not obliged to retreat, no to consider whether he could safely retreat, but was entitled to stand his ground, and meet any attack upon him with a deadly weapon, in such a way and with such force as, under all the circumstances, he, at the moment, honestly believed, and had reasonable grounds to believe, were necessary to save his own life, or to protect himself from great bodily injury.

*Beard v. United States*, 158 U.S. 550, 554 (1895).

Due to the seriousness of the charges and the clear aggression on the part of Gary Tom, we have submitted this memorandum to the Court so that it can carefully and conscientiously review this case to determine whether or not any charges are appropriate against Mr. Lee.  Specific facts in support of Mr. Lee's clear assertion of self-defense, which will negate the elements of homicide, will be offered during the preliminary hearing.

Respectfully submitted this ___19___ day of August, 2003.

By: _____
JOHN TREBON
Attorney for Tyrone Lee

The original of the following
was delivered this ___19___
day of August 2003, to:

United States District Court
123 N. San Francisco Street
Flagstaff, AZ 86001

And a copy mailed to:

United States Attorney's Office
123 N. San Francisco Street
Flagstaff, AZ 86001         11:55am

Tyrone Lee

By:

_J. Stoner_

6

_____ FILED          _____ LODGED
_____ RECEIVED    _____ COPY

SEP 1 0 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1  PAUL K. CHARLTON
   United States Attorney
2  District of Arizona

   JOSEPH J. LODGE
3  State Bar No. 013306
   Assistant United States Attorney
   123 N. San Francisco Street, Suite 204
4  Flagstaff, Arizona 86001
   Telephone: (520) 556-0833

5

6                  UNITED STATES DISTRICT COURT

7                       DISTRICT OF ARIZONA

8

9  United States of America,                    03-4140M

10                    Plaintiff,

11        v.                          **GOVERNMENT'S RESPONSE TO
                                      DEFENDANT'S MOTION FOR
                                      TRANSCRIPT**
   Tyrone Lee,
12
                    Defendant.
13

14        Plaintiff, the United States of America, hereby responds to defendant's Motion for

15  Transcript of Preliminary Hearing.   The government objects to the defendant's motion.   The

16  defendant clearly has the finances to retain private counsel, and has in fact done so, therefore,

17  the cost of transcribing the preliminary hearing should be borne by defendant.

18        Title 18, United States Code, Section 3006(A)(e)(1) provides for "other services" to be

19  paid for by the court only if they are "necessary" and the defendant is "financially unable" to pay

20  for them.   Defendant has not presented a cost estimate to the court for the transcript nor

21  explained why he can afford to privately retain counsel but not pay for the transcript.   Obviously,

22  it would be important to know the amount of the retainer paid for defense counsel's services, by

23  whom paid, and whether the retainer agreement contemplates such costs being paid from the fees

24  paid.   Without this information, the court cannot begin to conduct the inquiry mandated by

25  Section 3006(A)(e)(1).

26  ///

27  ///

28  ///

1    Respectfully submitted this _10TH_ day of September, 2003, 2003.

2

3                                    PAUL K. CHARLTON
                                     United States Attorney
4                                    District of Arizona

5

6                                    JOSEPH J. LODGE
                                     Assistant U.S. Attorney
7

8    Copy of the foregoing mailed
     this _10TH_ day of September, 2003, to:
9
     John Trebon, Esq.
10   308 N. Agassiz
     Flagstaff, Arizona 86001
11   Attorney for Defendant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DC # 3-08-3704

☐ AO 435
(Rev. 1/90)

Administrative Office of the United States Courts

**TRANSCRIPT ORDER**

*Read Instructions on*

☒ FILED     ☐ LODGED
RECEIVED

SEP  2 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

**FOR COURT USE ONLY**
DUE DATE:

| 1. NAME Kimberly M. Hare | 2. PHONE NUMBER (602) 514-7625 | 3. DATE 09-02-03 |
|---|---|---|

| 4. MAILING ADDRESS 40 N. Central Ave., Suite 1200 | 5. CITY Phoenix | 6. STATE AZ | 7. ZIP CODE 85004-4008 |
|---|---|---|---|

| 8. CASE NUMBER 03-4140M | 9. JUDICIAL OFFICIAL Stephen L. Verkamp | DATES OF PROCEEDINGS |
|---|---|---|
| | | 10. FROM 8-19-03 | 11. 8-19-03 |

| 12. CASE NAME USA v. Tyrone Lee | LOCATION OF PROCEEDINGS |
|---|---|
| | 13. Flagstaff, AZ | 14. |

**15. ORDER FOR**

☐ APPEAL   ☒ CRIMINAL   ☐ CRIMINAL JUSTICE ACT   ☐ BANKRUPTCY
☐ NON-APPEAL   ☐ CIVIL   ☐ IN FORMA PAUPERIS   ☐ OTHER

16. TRANSCRIPT REQUESTED (Specify portion(s) and date(s) of proceeding(s) for which transcript is requested)

| PORTIONS | DATE(S) | PORTION(S) | DATE(S) |
|---|---|---|---|
| ☐ VOIR DIRE | | ☐ TESTIMONY (Specify Witness) | |
| ☐ OPENING STATEMENT (Plaintiff) | | | |
| ☐ OPENING STATEMENT | | | |
| ☐ CLOSING ARGUMENT (Plaintiff) | | ☐ PRE-TRIAL PROCEEDING | |
| ☐ CLOSING ARGUMENT (Defendant) | | | |
| ☐ OPINION OF COURT | | | |
| ☐ JURY INSTRUCTIONS | | ☒ OTHER (Specify) | |
| ☐ SENTENCING | | Preliminary & Detention Hearing | |
| ☐ BAIL HEARING | | | |

**17. ORDER**

| CATEGORY | ORIGINAL (Includes Free Copy for the Court) | FIRST COPY | ADDITIONAL COPIES | NO. OF PAGES ESTIMATE | COSTS |
|---|---|---|---|---|---|
| ORDINARY | ☐ | ☐ | NO. OF COPIES | | |
| EXPEDITED | ☒ | ☐ | NO. OF COPIES | | |
| DAILY | ☐ | ☐ | NO. OF COPIES | | |
| HOURLY | ☐ | ☐ | NO. OF COPIES | | |

| CERTIFICATION (18. & 19.) By signing below, I certify that I will pay all charges (deposit plus additional). | ESTIMATE TOTAL |
|---|---|

| 18. SIGNATURE | PROCESSED BY |
|---|---|
| 19. DATE | PHONE NUMBER |

| TRANSCRIPT TO BE PREPARED BY | COURT ADDRESS |
|---|---|

| | DATE | BY | |
|---|---|---|---|
| ORDER RECEIVED | | | |
| DEPOSIT PAID | | | DEPOSIT PAID |
| TRANSCRIPT ORDERED | | | TOTAL CHARGES |
| TRANSCRIPT RECEIVED | | | LESS DEPOSIT |
| ORDERING PARTY NOTIFIED TO PICK UP TRANSCRIPT | | | TOTAL REFUNDED |
| PARTY RECEIVED TRANSCRIPT | | | TOTAL DUE |

(Previous editions of this form may still be used)

**DISTRIBUTION:**   COURT COPY   TRANSCRIPTION COPY   ORDER RECEIPT   ORDER COPY

Reset Form

AO 435
(Rev. 1/90)

Administrative Office of the United States Courts

**TRANSCRIPT ORDER**

Read Instructions on

FILED ____ RECEIVED ____ COPY
SEP 5 2003
CLERK U S DISTRICT COURT
DISTRICT ____

FOR COURT USE ONLY
**DUE DATE:**

| 1. NAME  John Trebon | 2. PHONE NUMBER  928-779-1713 | 3. DATE  9-5-03 |
|---|---|---|

| 4. MAILING ADDRESS  308 n. agassiz | 5. CITY  Flagstaff | 6. STATE  AZ | 7. ZIP CODE  86001 |
|---|---|---|---|

| 8. CASE NUMBER  03-4140m | 9. JUDICIAL OFFICIAL  Verkamp | DATES OF PROCEEDINGS |
|---|---|---|

| 10. FROM  8-19-03 | 11. |
|---|---|

| 12. CASE NAME  USA v. Tyrone Lee | LOCATION OF PROCEEDINGS |
|---|---|

| 13. Flagstaff, AZ | 14. |
|---|---|

**15. ORDER FOR**

- [ ] APPEAL
- [ ] NON-APPEAL
- [x] CRIMINAL
- [ ] CIVIL
- [ ] CRIMINAL JUSTICE ACT
- [ ] IN FORMA PAUPERIS
- [ ] BANKRUPTCY
- [ ] OTHER

**16. TRANSCRIPT REQUESTED** (Specify portion(s) and date(s) of proceeding(s) for which transcript is requested)

| PORTIONS | DATE(S) | PORTION(S) | DATE(S) |
|---|---|---|---|
| [ ] VOIR DIRE | | [ ] TESTIMONY (Specify Witness) | |
| [ ] OPENING STATEMENT (Plaintiff) | | | |
| [ ] OPENING STATEMENT | | | |
| [ ] CLOSING ARGUMENT (Plaintiff) | | [x] PRE-TRIAL PROCEEDING | 8-19-03 |
| [ ] CLOSING ARGUMENT (Defendant) | | | |
| [ ] OPINION OF COURT | | | |
| [ ] JURY INSTRUCTIONS | | [ ] OTHER (Specify) | |
| [ ] SENTENCING | | | |
| [ ] BAIL HEARING | | | |

**17. ORDER**

| CATEGORY | ORIGINAL (Includes Free Copy for the Court) | FIRST COPY | ADDITIONAL COPIES | NO. OF PAGES ESTIMATE | COSTS |
|---|---|---|---|---|---|
| ORDINARY | [ ] | [ ] | NO. OF COPIES | | |
| EXPEDITED | [x] | [x] | NO. OF COPIES  42 | | |
| DAILY | [ ] | [ ] | NO. OF COPIES | | |
| HOURLY | [ ] | [ ] | NO. OF COPIES | | |

**CERTIFICATION (18. & 19.)**
By signing below, I certify that I will pay all charges
(deposit plus additional)

ESTIMATE TOTAL

| 18. SIGNATURE | PROCESSED BY |
|---|---|
| 19. DATE | PHONE NUMBER |
| TRANSCRIPT TO BE PREPARED BY | COURT ADDRESS |

| | DATE | BY | |
|---|---|---|---|
| ORDER RECEIVED | | | |
| DEPOSIT PAID | | | DEPOSIT PAID |
| TRANSCRIPT ORDERED | | | TOTAL CHARGES |
| TRANSCRIPT RECEIVED | | | LESS DEPOSIT |
| ORDERING PARTY NOTIFIED TO PICK UP TRANSCRIPT | | | TOTAL REFUNDED |
| PARTY RECEIVED TRANSCRIPT | | | TOTAL DUE |

(Previous editions of this form may still be used)

**DISTRIBUTION:**     COURT COPY     TRANSCRIPTION COPY     ORDER RECEIPT     ORDER COPY

**Reset Form**

```
___ FILED        ___ LODGED
___ RECEIVED     ___ COPY

        SEP 1 1 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY
```

**JOHN TREBON**
**JOHN TREBON, P.C.**
308 N. Agassiz
Flagstaff, Arizona   86001
(928) 779-1713

Attorney for Tyrone Lee
AZ. State Bar No. 005375

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

UNITED STATES OF AMERICA,    )
                             )   Case No.  03-4140M
              Plaintiff,     )
                             )   **SUBMISSION OF ORDER**
vs.                          )   **FOR TRANSCRIPT**
                             )
TYRONE LEE                   )
                             )
              Defendant.     )
_____)

     Tyrone Lee, by and through his attorney, John Trebon, submits the attached order for approval by this Court . Our previous motion requested a transcript at government expense under the Criminal Justice Act. If approved by the Court, please sign the attached order so that the transcript request can be processed.

     Respectfully submitted this ___10 day of September, 2003.

          By: _____
               JOHN TREBON
               Attorney for Tyrone Lee



UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

FILED ___ LODGED
RECEIVED ___ COPY

SEP 17 2003

UNITED STATES OF AMERICA, )
                   Plaintiff, )
                             )
vs. )
                             )
TYRONE LEE )
                    Defendant. )

Case No.  03-4140M

**ORDER FOR TRANSCRIPT**

    Based upon motion filed by Defendant, Tyrone Lee, by and through his attorney, John Trebon, pursuant to the Criminal Justice Act, Title 18, U.S.C. § 3006(A)(e);

    **IT IS HEREBY ORDERED** that this Court shall provide to the Defendant, Tyrone, Lee, a copy of the transcript of the preliminary hearing that occurred on August 19, 2003, in Flagstaff, Arizona, without cost to Defendant Tyrone Lee and at government expense.  The Clerk of this Court shall carry out the terms of this Order.

    Dated this _14_ day of September, 2003,

_____
United States Magistrate

cc: BS/Afns atty
PH 9/19/03

(13)

1 | **JOHN TREBON**
**JOHN TREBON, P.C.**
2 | 308 N. Agassiz
Flagstaff, Arizona   86001
3 | (928) 779-1713

4 | Attorney for Tyrone Lee
AZ. State Bar No. 005375

___ FILED        ___ LODGED
___ RECEIVED   ___ COPY

**SEP 1 5 2003**

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

UNITED STATES OF AMERICA, )

                    Plaintiff, )

vs. )

TYRONE LEE )

                    Defendant. )

Case No.  03-4140M

**REPLY TO GOVERNMENT'S
RESPONSE TO DEFENDANT'S
MOTION FOR TRANSCRIPT**

Tyrone Lee, by and through his attorney, John Trebon, submits the following reply to the Government's Response to Defendant's Motion for Transcript.

# MEMORANDUM

No good deed goes unpunished.  I sent a copy of our written request for the transcript to the United States Attorney's Office simply because the topic had been discussed in open Court during the preliminary hearing.  During the preliminary hearing, Judge Verkamp gave tacit approval to the request for the transcript. However, the prosecutor's response is inappropriate on several levels.  First, the request for services under the Criminal Justice Act is normatively an *ex parte* proceeding.  The government should not be able to influence what services are provided to an indigent defendant. *See,* Title 18 U.S.C. § 3006(A)(e)(1).  To be sure, I understand that we sent a copy of the motion to the government and, hence, the response has now been filed by the government.  No good deed goes unpunished.

Nevertheless, perhaps the inexperience on the part of the Assistant United States Attorney in responding to otherwise *ex parte* requests for services has lead to an objection on grounds that are inappropriate. The Assistant United States Attorney does not mention the financial affidavit that has been submitted by Tyrone Lee. The affidavit of Tyrone Lee clearly and unequivocally shows that he is unable to pay for the transcript.  No further explanation is necessary.  Tyrone Lee did not provide money to hire counsel.  Instead, the payment of the retainer fee to Mr. Trebon was raised by multiple family members.  Tyrone Lee has no assets and no money, which has already been determined by his affidavit of indigency.  Therefore, it is absolutely irrelevant and inappropriate for the government to attempt to learn the amount of the retainer paid to defense counsel, by whom paid, etc.  Frankly, it is none of the government's business. The government's response underscores the wisdom of the Criminal Justice Act, which explicitly provides for an *ex parte* application for services.  The gesture of providing the written notice to the government was an unfortunate mistake that undersigned counsel will not make again.  Nevertheless, the analysis provided by the government is inappropriate.

2

As long as Mr. Lee is indigent (which is established by his financial affidavit) and a transcript of the preliminary hearing is appropriate (which was established during the course of the preliminary hearing as necessary in order for critical information to be presented to the grand jury and to the Assistant United States Attorney who is reviewing the case), then this Court should provide a transcript of the preliminary hearing at government expense. Counsel does avow to the Court that the retainer fee paid by the family to defense counsel does not contemplate any fees paid for out-of-pocket costs or expenses in the case. Moreover, the family has not yet even paid the initial retainer in the case, but only made a down payment.

Ultimately, we request that this Court act upon the request for the transcript without further delay and without further irrelevant responses from the government. Unless the transcript is approved, the grand jury could be materially misled in this case. The government has a duty to provide all relevant information to the grand jury, including exculpatory evidence. Its objection to this request may suggest resistance to do so. Therefore, the need for the transcript is according greater.

Respectfully submitted this __12__ day of September, 2003.

By: _____
JOHN TREBON
Attorney for Tyrone Lee

3

1  The original and a copy of the following
   was mailed this 12
2  day of September 2003, to:

3  United States District Court
   123 N. San Francisco Street
4  Flagstaff, AZ 86001

5  And a copy mailed to:

6  Joe Lodge
   United States Attorney's Office
7  123 N. San Francisco Street
   Flagstaff, AZ 86001

8  Tyrone Lee

9  By: _____

10     J. Stoner

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    4

1 | **JOHN TREBON**
**JOHN TREBON, P.C.**
2 | 308 N. Agassiz
Flagstaff, Arizona   86001
3 | (928) 779-1713

4 | Attorney for Tyrone Lee
AZ. State Bar No. 005375

5 |

☑ FILED          ___ LODGED
___ RECEIVED    ___ COPY

AUG 2 9 2003

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

6 | UNITED STATES DISTRICT COURT

7 | DISTRICT OF ARIZONA

8 |

9 | UNITED STATES OF AMERICA,    )
           Plaintiff,    )    Case No.  03-4140M
10 |                                         )    **MOTION FOR TRANSCRIPT**
vs.                                       )    **OF PRELIMINARY HEARING**
11 |                                         )
TYRONE LEE                         )
12 |                                         )
           Defendant.     )
13 | _____ )

14 |          Tyrone Lee, by and through his attorney, John Trebon, pursuant to the Criminal

15 | Justice Act, Title 18, U.S.C. § 3006(A)(e), requests that this Court provide a

16 | transcript of the preliminary hearing to Tyrone Lee and his attorney as soon as

17 | possible. *See*, Rule 5.1(g), Fed. R. Crim. P.

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

14

# MEMORANDUM

At the conclusion of the preliminary hearing in this matter, Mr. Lee and his attorney requested that this Court provide him with a transcript of the preliminary hearing so that it could be provided to the Assistant United States Attorney who may present this case to a federal grand jury in the near future. This Court preliminarily indicated that it would provide Mr. Lee and his attorney with a transcript of the preliminary hearing. This Court directed counsel to file a written motion. This motion formally requests that a transcript of the preliminary hearing be provided to Tyrone Lee. At the conclusion of the preliminary hearing, Mr. Lee and his attorney provided this Court with a financial affidavit of Mr. Lee, which unequivocally establishes his indigency. As a result, we request that the transcript of the preliminary hearing be provided to Tyrone Lee and his attorney as quickly as possible. *See*, Title 18, U.S.C. § 3006(A)(e) and Rule 5.1(g), Fed. R. Crim. P.

Respectfully submitted this ____ day of August, 2003.

By: _____
JOHN TREBON
Attorney for Tyrone Lee

1  The original of the following
   was delivered this 26
2  day of August 2003, to:

3  United States District Court
   123 N. San Francisco Street
4  Flagstaff, AZ 86001

5  And a copy mailed to:

6  United States Attorney's Office
   123 N. San Francisco Street
7  Flagstaff, AZ 86001

8  Tyrone Lee

9  By:
       J. Stoner

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28